UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

TEMMIE BRESLAUER,

        Plaintiffs,

CITY OF NEW YORK,
OFFICER C. SHAW, POLICE OFFICER CRUZ
OFFICER BRYANT, OFFICER SHAH,
JOHN & JANE DOES ## 1-5

        Defendants.

---------------------------------------------------------X

**COMPLAINT**

JURY TRIAL DEMANDED

**12 cv (      )**

## NATURE OF ACTION

1. This action is brought by plaintiffs to recover damages for the unconstitutional use of force and detention, and violations of the New York City Human Rights Law.

## THE PARTIES

2. Plaintiff is a resident of New York, New York. She is a transgender person undergoing hormone replacement therapy and intends to undergo genital reassignment surgery. Her legal name is still Todd Breslauer, however, she is in the process of changing it to Temmie.

3. The City of New York is a municipal corporation whose residence is in all five counties of New York City.

4. Defendants are employees of the New York City Police Department, upon information and belief at the transit police precinct at the Union Square subway station.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

1

6. Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in that the City of New York is deemed to reside in this jurisdiction.

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

7. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

8. Plaintiff sought to take the 4 train at the 125th Street Station in Manhattan on the 4 train 10:15 AM on January 12 2012. She was spotted by an undercover officer for using her father's discount fair card and arrested.

9. There were two arresting officers, Shah and one of the John Does. Each giggled and laughed at her as they were arresting her. Although plaintiff believes she was targeted for her transgender appearance, she does not contend there was not probable cause for the arrest.

10. She was taken by police car to the precinct at Union Square.

11. As soon as she entered, an African American desk sergeant asked plaintiff whether she had a penis or a vagina.

12. Plaintiff asked what bearing this question had on her case. "I have to know what to do with you," the desk sergeant replied.

13. Plaintiff showed the desk sergeant the note that is attached as "Exhibit A" indicating that she is undergoing a gender change and that the process of changing one's gender was both medically and legally complex.

14. The document requested Ms. Breslauer be allowed safe passage including access to facilities that are appropriate to her gender identity.

15. This was not done. There were two "holding pens" for arrestees: one for men, and one for women. Plaintiff easily could have held with the women, or found a separate room.

16. Instead, she was fingerprinted, seated on a bench, then painfully chained to a fence wherein, for no apparent reason, her arm was lifted over her head and attached to the fence to make it appear that she was raising her hand in the classroom. *She sat there in that position for 28 hours*.

17. Plaintiff asked to use the bathroom, which request was ignored. She complained that the cuff was too tight and cutting off the circulation of her right wrist. Shah ignored her. It was a very uncomfortable position to bear, even for a few minutes, however she was to stay that way for over a day.

18. The position she was placed in was done out of pure cruelty, simply to draw more attention to plaintiff.  People were being processed in and out – some in minutes, with a desk appearance ticket – for "theft of services," the misdemeanor that plaintiff was arrested for. Plaintiff is not aware of the reason she was *not* given a desk appearance ticket – there could have been a legitimate one – however, she is certain that the inordinate delay for her stay at the precinct was to punish her for not revealing the state of her genitalia. Prisoners are supposed to be processed within 24 hours from arrest to arraignment. The 28-hour delay in bringing plaintiff to be arraigned was purely discriminatory.

19. The police officers in the precinct acted with puerility and disgrace, making insulting remarks continually through this period. In addition to the snickering desk sergeant who disdainfully asked plaintiff not her gender but her genatalia, various other officers said things such as "He-She",  "What are you supposed to be?" "Faggot," " Lady GaGa", "Transvestite." Officer Bryant said, "So you like to suck dick? Or what?" "Is it Halloween?" one John Doe said.

20.     The officers refused to refer to her by her preferred gender. She was continually referred to as "he," "sir" and more often, "buddy," a semi-derisive name like "lady" that the police typically use with men.

21.     Plaintiff was deliberately placed six feet in front of the male holding tank, where men, six feet away acted as belligerently as the police officers. She was, at various intervals thoughout the evening, taunted, propositioned and targeted with sundry projectiles, like crumpled paper balls and soda cans.

22.     Plaintiff was transported in a van by herself to central booking on White Street, but once got there her police escort was told that central booking could not accept her because it did not have a place to put her.

23.      She was brought back to the precinct and chained for an additional eight hours to the wall.

24.     Finally, when the judge was ready to see her, she was transported to 100 Centre Street, saw the judge, pled guilty, and was sentenced to two days of community service.

25.     Even though plaintiff was legitimately arrested, she did not need to be treated like this, which was a violation of her not only constitutional and statutory but human rights.

26.     The incident triggered an aggravation of a previously existing post-traumatic stress disorder condition attack that lasted several days. Plaintiff could not sleep at all. She felt suicidal, and considered suicide. Her dysphoria - which all transgender suffer from - was dangerously aggravated. She now demands redress.

### FIRST CAUSE OF ACTION
### EXCESSIVE USE OF FORCE
### 42 U.S.C. § 1983

27. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

28. Acting under color of state law, defendants used excessive force in detaining plaintiff in draconian conditions.

29. As a result of the foregoing, Plaintiffs has been damaged and demands compensatory and punitive relief.

### SECOND CAUSE OF ACTION
### FAILURE TO PROTECT PLAINTIFFS'S RIGHTS
### 42 U.S.C. § 1983

30. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

31. Defendants had a duty to intercede and prevent the illegal stop, search and arrest of plaintiffs, but failed to do so.

32. As a result of the foregoing, Plaintiffs have been damaged and demand compensatory and punitive relief.

### THIRD CAUSE OF ACTION
### DENIAL OF EQUAL PROTECTION IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTEENTH AMENDMENT BASED ON SEX AND SEXUAL ORIENTATION

33. Plaintiff repeats, and realleges each and every previoust allegation contained.

34. The conduct of defendants as heretofore described was motivated by animus against Ms. Breslauer on the basis of gender and gender identity.

35. Defendants acted with intent to treat plaintiff disparately on the basis of gender and gender identity.

36. As a direct and proximate result of the misconduct and abuse of authority described above, plaintiff has suffered and will continue to suffer injury and damages,

including, inter alia, physical and mental pain and suffering, and mental anguish.

## FOURTH CAUSE OF ACTION
## FAILURE TO INTERVENE IN VIOLATION OF 42 U.S.C.§ 1983

37.     Plaintiff repeats and realleges each and every previous allegation

38.     Each and every individual defendant had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of her constitutional rights.

39.     The individual defendants failed to intervene on plaintiff's behalf to prevent the violation of her constitutional rights incurred by the use of excessive force against her, and excessive detention, despite having had a realistic opportunity to do so.

40.     As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated.

## FIFTH CAUSE OF ACTION
## FAILURE TO INSTRUCT, SUPERVISE, AND CONTROL DIRECTED COGNIZABLE UNDER MONNELL AND 42 U.S.C. § 1983 BY ALL PLAINTIFF AND AGAINST THE CITY OF NEW YORK

41.      Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

42.         At all times relevant to this complaint, defendants as officers of the City of New York Police Department, was acting under the direction and control of the City of New York, which acted through its agents and employees who were responsible for making policy of the police department, its officers and operations, and the individually named defendants were acting pursuant to either official policy or the practice, custom and usage of the City of New York and its Police Department.

43.         Acting under color of law, by and through the policy makers of the City of New York and pursuant to official policy or custom and practice, the City of New York intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City

6

of New York, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants in the performance of their duties to refrain from

a. excessive use of force and excessive detention against transgender persons;

b. failure to accord transgender arrestees the rights and privileges of cigender persons.

44. The City of New York had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts, were going to be committed.  Defendant City of New York had power to prevent the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City of New York failed or refused to do so.

45. As a result of the foregoing, plaintiff was deprived of his right to be secure in his person, against unreasonable seizure of his person and against the use of excessive force in violation of the Eighth, Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983, and has been damaged.

SIXTH CAUSE OF ACTION
VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS
42 U.S.C. § 1983

46. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

47. The excessive and draconian detention suffered by plaintiff was a violation of her right to due process under law.

48. By virtue of the foregoing, Plaintiff has been damaged.

SEVENTH CAUSE OF ACTION
VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

49. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

50. A police station, including a holding tank, is a public accommodation

51.     The New York City Police Department's failure to treat transgender people generally, and this transgender plaintiff in particular is a violation of the New York City Human Rights Law, which protects transgender individuals in public accommodations

52.     By virtue of the foregoing, Plaintiff has been damaged.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW
## PUBLIC ACCOMMODATIONS

53.     Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

54.     A police station, including a holding tank for arrestees, is a public accommodation.

55.     The New York City Police Department's failure to treat transgender people generally, and this transgender plaintiff in particular is a violation of the New York City Human Rights Law, which protects transgender individuals in public accommodations.

56.     Plaintiff also suffered a hostile environment as a result of the failure to afford her equal access to public accommodations.

56.     By virtue of the foregoing, Plaintiff has been damaged and demands monetary damages and an injunction requiring the New York City Police Department to treat transgender arrestees in a manner that affords them dignity and access to public accommodations, including but not limited to changes warranted in the patrol guide.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW
## DISCRIMINATORY HARASSMENT UNDER CHAPTER 6

57.     Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

58.     Plaintiff was, and transgender persons in general are continually harassed discriminatorily by the New York City Police Department.

59.     By virtue of the foregoing, Plaintiff has been damaged, and seeks an injunction requiring the police department to conduct sensitivity training for transgender persons, including but not limited to use of appropriate names and pronouns; not use slurs or make lewd, derogatory, or harassing remarks based

8

on gender, gender identity or expression, sex, or sexual orientation; confidentiality; and an end to excessive handcuffing proceeding arraignment.

### NINTH CAUSE OF ACTION
### ASSAULT

60. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

61. The manner in which plaintiff was chained was put her in immediate apprehension of battery.

62. By virtue of the foregoing, Plaintiff has been damaged.

### TENTH CAUSE OF ACTION
### BATTERY

63. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

64. As a result of the foregoing, Plaintiff was battered, has been damaged and demands compensatory and punitive relief.

### ELEVENTH CAUSE OF ACTION
### UNLAWFUL IMPRISONMENT

65. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

66. Imprisonment following an arrest and prior to arraignment is, by law, not supposed to take more than twenty four hours.

67. Plaintiff's was deliberately lengthened as a result of her transgender status. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

### TWELFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

69. Defendants' actions were outrageous beyond and reasonable form of human conduct in a decent society and caused plaintiff extreme emotional distress.

70. Plaintiff has been damaged and demands compensatory and punitive relief.

**WHEREFORE,** Plaintiffs demand as follows:

A. Compensatory damages;

B. Punitive damages to be determined by the trier of fact;

C. Cost of suit and attorneys' fees pursuant to 42 U.S.C. § 1988 and the New York City Human Rights Law;

D. Appropriate injunctive relief;

E. Such other relief as the Court may deem just and proper.

Dated:  New York, New York
        January 25, 2012

/s/
GREGORY ANTOLLINO (GA 5950)
Attorney for Plaintiff
18-20 WEST 21ST STREET, SUITE 802
New York, NY 10010
(212) 334-7397

10